**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700
*Attorneys for Plaintiff*,
Amber E. Diaz

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMBER E. DIAZ**<br><br>Plaintiff,<br><br>v.<br><br>**ENHANCED RECOVERY COMPANY, LLC;**<br><br>Defendant. | **Case No.: 4:20-cv-228**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.; AND**<br><br>2.) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.; AND**<br><br>3.) **CONSUMER CREDIT REPORTING AGENCIES ACT CAL CIV §§ 1785, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a debt collector attempting to collect a debt the consumer does not owe and reporting that debt to the consumer's credit reports. The debt collector has been harassing the consumer by phone, and despite the consumer informing the collector she does not owe the debt, the collector continues collecting and reporting the debt.

2. **AMBER E. DIAZ** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, attorney fees, and costs, against **ENHANCED RECOVERY COMPANY, LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and for violations of the Consumer Credit Reporting Agencies Act, California Civil Code § 1785 et seq. (hereinafter "CCRAA"), all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

7. The Consumer Credit Reporting Agencies Act (CCRAA), the California

version of the federal Fair Credit Reporting Act (FCRA), was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[1] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers of credit information similar in some ways to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

## JURISDICTION AND VENUE

8. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

9. This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and the Consumer Credit Reporting Agencies Act, California Civil Code § 1785 et seq. (hereinafter "CCRAA").

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts

---

[1] California Civil Code § 1785.1(d)

business here.

## FDCPA AND RFDCPA

11. In enacting the FDCPA, Congress found that:
    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
    e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.
12. Similarly, when enacting the RFDCPA, the California Legislature found that:
    The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  Cal. Civil Code § 1788.1(a)(1).
13. The FDCPA and the RFDCPA are both strict liability statutes.  That is, a

plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

14. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

### INTRADISTRICT ASSIGNMENT

15. Intradistrict assignment to the OAKLAND DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of ALAMEDA.

### PARTIES

16. Plaintiff is a natural person who resides in the County of Alameda, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Cal. Civ. Code § 1785.3(b), and a "Debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendant Enhanced Recovery Company, LLC (hereinafter "Defendant ERC") is a Delaware corporation operating from an address of 8014 Bayberry Road, Jacksonville, FL 32256, and is a "Debt Collector" as that term is defined by 15

U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

18. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c)

20. Defendant Enhanced Recovery Company, LLC is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

## FACTUAL ALLEGATIONS

21. Plaintiff is an individual residing in the County of Alameda in the State of California.

22. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

23. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts.
24. In or around 2015, Plaintiff purchased a phone from T-Mobile for personal, household, or family purposes, which stopped working within the first 3 months she had the phone.
25. Plaintiff discussed the issue with T-Mobile, who agreed to stop charging Plaintiff for the phone if Plaintiff would return the phone to T-Mobile. Plaintiff returned the phone to T-Mobile in 2015.
26. T-Mobile then failed to stop charging Plaintiff for the phone. T-Mobile continued to attempt to collect the now void phone debt from Plaintiff, and Plaintiff continually refused to pay, telling T-Mobile that she had returned the phone as they had asked, so she did not owe any more money for the returned phone.
27. In or around July 2019, Plaintiff began receiving phone calls from Enhanced Resources Centers, also known as Enhanced Recovery Company – the Defendant in this case – demanding payment for the T-Mobile debt Plaintiff knew she did not owe.
28. Defendant called Plaintiff thirteen times in thirteen days, and left voicemails for Plaintiff demanding payment of the debt.
29. Defendant also reported the debt to Plaintiff's Experian and TransUnion credit reports.
30. On or around November 4, 2019, Plaintiff disputed the debt with Defendant, but Defendant did not respond to Plaintiff's dispute at all.
31. Defendant has not, as of the date of filing of this complaint, sent anything in writing to Plaintiff regarding the alleged debt at issue.

## ACTUAL DAMAGES

32. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, loss of telecommunications, charges for cellular phone usage, invasion of privacy, personal embarrassment,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

damage to credit, loss of credit, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

33. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, the California legislature enacted the CCRAA to protect consumers from precisely the conduct described in this Complaint. The California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the CCRAA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692D OF THE FDCPA

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. A debt collector violates § 1692d of the FDCPA when it engages in any conduct

the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

36. Defendant violated § 1692d when it, among other qualifying actions and omissions, willfully annoyed, abused, harassed Plaintiff by placing 13 phone calls to Plaintiff in 13 days in an attempt to get Plaintiff to pay the alleged debt, which Plaintiff does not owe.

## COUNT II
## VIOLATION OF § 1692E OF THE FDCPA

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. Defendant violated § 1692e(2)(a) when it, among other qualifying actions and omissions, willfully misrepresented the character, amount, and/or legal status of the debt, to wit: that Plaintiff owed the debt when she did not owe it because she had returned the phone to T-Mobile in 2015.

## COUNT III
## VIOLATION OF § 1692F OF THE FDCPA

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

42. A debt collector violates § 1692f(1) of the FDCPA when it collects or attempts to collect any amount unless authorized by law or permitted by agreement.

43. Defendant violated § 1692f(1) when it, among other qualifying actions and omissions, willfully and without justification, attempted to collect a debt from Plaintiff that Plaintiff did not owe, and thus the collection was not authorized by

either law or agreement.

## COUNT IV

### VIOLATION OF § 1692G OF THE FDCPA

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. A debt collector violates § 1692g of the FDCPA when it fails, within five days after the initial communication with a consumer, to send certain notice to the consumer.

46. Defendant violated § 1692g when it, among other qualifying actions and omissions, willfully and without justification, failed within five days of initially contacting Plaintiff to send her the notices required by § 1692g(a).

## COUNT V

### VIOLATION OF § 1788.11(D) OF THE RFDCPA

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. A defendant violates § 1788.11(d) of the RFDCPA when it causes the phone to ring repeatedly or continuously to annoy the person called.

49. Defendant violated § 1788.11(d) of the RFDCPA when it called Plaintiff 13 times in 13 days, with the intent to annoy and harass Plaintiff into paying the alleged debt, which Plaintiff does not owe.

## COUNT VI

### VIOLATION OF § 1788.17 OF THE RFDCPA

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

52. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692d,

§ 1692e, § 1692f, and § 1692g.

## COUNT VII

### VIOLATION OF THE CCRAA

### CAL CIV § 1785.25(A)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Enhanced Recovery Company, LLC violated Cal Civ §1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

55. As a result of the conduct, actions and inactions of Enhanced Recovery Company, LLC the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

56. The conduct, actions and inactions by Enhanced Recovery Company, LLC were willful, rendering Enhanced Recovery Company, LLC liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal Civ §1731(a)(2)(B). In the alternative Enhanced Recovery Company, LLC was negligent entitling the Plaintiff to recover under Cal Civ §1731(a)(1).

57. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Enhanced Recovery Company, LLC in an amount to be determined by the Court pursuant to Cal Civ §1731(a)(1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), and pursuant to Cal Civ §1731 (CCRAA), against Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and, Award of punitive damages in the amount of $5,000 for each violation as the court deems proper pursuant to Cal. Civ. Code § 1785.31 (CCRAA) against Defendant and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), and pursuant to Cal. Civ. Code § 1785.31 (CCRAA) against Defendant and for Plaintiff, and,

e) Award to Plaintiff of such other and further relief as may be just and proper.

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

BY: /s/ LAUREN B. VEGGIAN
LAUREN B. VEGGIAN, ESQ.

## TRIAL BY JURY IS DEMANDED.

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

THE CARDOZA LAW CORPORATION

DATED: January 10, 2020   BY: /s/ LAUREN B. VEGGIAN
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF,
AMBER E. DIAZ

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.